**DURRETT HARDWARE & FURNITURE CO., Inc., v. HOWZE.**

**No. 5463.**

Court of Appeal of Louisiana. Second Circuit.

April 30, 1937.

Travis Oliver, Jr., of Monroe, for appellant.

Fink & Fink, of Monroe, for appellee.

HAMITER, Judge.

The petition in this cause alleges an indebtedness of defendant in the sum of $170 as the balance due on the purchase price of certain household furnishings. Plaintiff prays for judgment for that amount, plus interest and attorney's fees, with recognition of an asserted vendor's lien and chattel mortgage on the described property.

In bar of the claim, defendant tendered and urged a plea of prescription of five years. This was sustained by the trial court.

Subsequently, according to the court minutes, an order for a devolutive appeal was requested by plaintiff and was granted.

There is no executed appeal bond in the record. We find therein a duly prepared form for such bond, but it is not signed by either the plaintiff or a·surety and consequently is no bond at all.

In the absence of an appeal bond, we are not permitted to review the proceedings and judgment of the trial court. There has been no appeal, and the cause is still under the jurisdiction of .that tribunal. Vacuum Oil Company v. Cockrell, 177 La. 623, 148 So. 898; R. P. Farnsworth & Co., Inc., v. Estrade, Cotton & Fricke (La. App.) 166 So. 160; Genco v. Union Berry & Truck Association (La.App.) 166 So. 888.

The fact that a motion to dismiss the appeal has not been filed in this court by defendant is of no moment. It is the duty of an appellate court to take notice of its lack of jurisdiction and to dismiss the appeal ex proprio motu. Gagneaux v. Desonier, 104 La. 648, 29 So. 282; Genco v. Union Berry & Truck Association, supra.

The appeal is dismissed at plaintiff's cost.