## MAROUN et al. v. MARRS (TOLEDO SCALE CO., et al., Interveners).

### No. 5575.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

J. B. Crow, of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellees.

HAMITER, Judge.

The defendant herein, W. G. Marrs, rented from the plaintiffs under a written contract the premises located at the southeast corner of Spring and Texas streets in the

city of Shreveport, La., more specifically designated as municipal No. 129 Texas street. When the lessee defaulted in the payment of the agreed rent, the lessors instituted this suit, seeking recovery under the provisions of the lease agreement. In connection therewith, a writ of provisional seizure issued, and thereunder the sheriff seized the furniture, fixtures, merchandise, and other property located in the premises.

Subsequently the Allied Store Utilities Company filed a petition of intervention and third opposition alleging that it sold to defendant under date of September 29, 1936, certain equipment seized by plaintiffs, and that in payment therefor defendant executed in its favor on said date a promissory note, together with an act of chattel mortgage on the purchased articles. A further allegation is that the mortgage was by notarial act and was duly recorded in the chattel mortgage records of Caddo parish, La., before the said property was placed in or on the leased premises. Another averment is that it has a prior lien and privilege on said property and is entitled to its release or to be paid out of the proceeds of the sheriff's sale by priority and preference over plaintiffs and all other creditors of defendant. Appropriate judgment is prayed for against plaintiffs and defendant.

Also filing a petition of intervention and third opposition in the proceeding was the Toledo Scale Company, a creditor of defendant. It alleges the ownership of, or, in the alternative, that it has a vendor's lien and privilege on other certain described property seized by plaintiffs, under and by reason of a written contract entered into with defendant. This third opponent avers its right to immediate possession of said property, or, alternatively, that it is entitled to be recognized as having a vendor's lien and privilege thereon superior to all other persons. Judgment in accordance with the named allegations is asked for against plaintiffs and defendant.

Plaintiffs' answer to the opposition of the Allied Store Utilities Company asserts that the latter's alleged act of chattel mortgage was not recorded, as required by law, before the property covered thereby was placed in the leased premises. Alternatively, it alleges that the act of chattel mortgage is a nullity.

In answering the opposition of the Toledo Scale Company, plaintiffs allege the superiority of their lessor's lien and privilege, regardless of the construction to be placed on the contract executed by and between said third opponent and defendant.

No appearance was made by defendant Marrs, and preliminary defaults were regularly entered against him by plaintiffs and by both third opponents.

After a trial of the merits, there was judgment in favor of plaintiffs and against defendant for the amount of the rent claim asserted, and decreeing the maintenance of the provisional seizure, with recognition and enforcement of the lessor's lien and privilege, on all of the property in the leased premises, except one used meat cooler. Third opponents were granted judgments against Marrs for the amounts of their respective claims, but their demands to be paid by preference to plaintiffs' claim were rejected, with the exception that the chattel mortgage of the Allied Store Utilities Company was held superior to plaintiffs' lessor's lien and privilege in so far as the aforementioned used meat cooler is concerned.

Orders of suspensive and devolutive appeal were requested by and granted to both of the third opponents. The Allied Store Utilities Company perfected its appeal, but the Toledo Scale Company failed in this regard. The latter filed no bond. Defendant Marrs did not appeal.

In this court plaintiffs have filed a motion to dismiss the appeal sought to be taken by the Toledo Scale Company for the reason that the required appeal bond has not been filed by it. In our opinion the motion must be sustained. An appellate court is not permitted to review the proceedings and judgment of the trial court when the orders of appeal are not accompanied by an appropriate bond. Durrett Hardware & Furniture Company v. Howze, La.App., 174 So. 205, and cases therein cited.

In answering the perfected appeal, plaintiffs pray for an amendment of the trial court's judgment by ordering recognition of their lessor's lien and privilege on the used meat cooler as being superior to the claim of the Allied Store Utilities Company.

In view of the fact that no valid appeal was prosecuted by either the defendant or the Toledo Scale Company, we are concerned only with the controversy existing between plaintiffs and the Allied Store Utilities Company. For convenience, the latter will hereinafter be designated as appellant.

It is urged by plaintiffs in this court that the chattel mortgage granted by Marrs to

appellant is illegal, null, and void for the reason that (1) the property sought to be mortgaged is not described as required by law, and (2) the act does not specify and set forth the location of the property.

■ The instrument stipulating the herein-discussed chattel mortgage recites, in part, the following:

above given, is in our opinion sufficiently definite and complete so as to permit identification thereof. Particularly is this true, when the stated shipping destination of the articles is considered in connection therewith.

■ The contention is made by plaintiffs' counsel that pursuant to the provi-

---

"Ship to... W. G. Marrs
"Street No.... Corner Texas St. & Spring St.,
"City... Shreveport... Parish Caddo... State Louisiana
"State of Louisiana ⎫
"Parish of Caddo ⎭

"Be it known, that on this 29th day of September, 1936, before me, J. B. Crow, a Notary Public, duly commissioned and qualified within and for the Parish of Caddo, State of Louisiana, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared Allied Store Utilities Co., a corporation, vendor, and herein represented by A. B. Wynn, whose authority to act herein is acknowledged, which company hereby sells, transfers and conveys to W. G. Marrs, a resident of the Parish of Caddo, State of Louisiana, who also appears, is here present, accepting and purchasing for himself, his heirs and assigns, the following described property:

| Quantity | Model No. | Fixture | Finish | Price FOB ~~Factory~~ |
|---|---|---|---|---|
| One | DX610 | Hussman-Ligonier Refrigerator counter(s) 10 ft. long Serial #36-1003 | Regular | Store |
| " | X86 | Cooler coil for used cooler | | |
| " | | Valve for X86 coil | | |
| " | 100MS | Hussman-Ligonier Condensing Unit(s), 1 H. P. Current AC, Electrical Volts, 220, Specification Cycles, 60 Phase 1 | | |
| | | Grocer Refrigerator(s) | | |
| " | Used | Meat Cooler(s), 8 ft. front, 6 ft., Depth 10." | | |

---

With reference to the describing of movable property to be mortgaged, section 2 of Act No. 198 of 1918, as amended by Act No. 178 of 1936 (the Louisiana chattel mortgage statute), provides that,

"Every such mortgage of property mentioned in Section 1 shall be in writing, setting out a full description of such property to be mortgaged, so that the same may be identified."

The chattel mortgage held by appellant is in writing, and the description of the property therein contained, which is

sions of section 6 of the chattel mortgage statute, Act No. 198 of 1918, the mortgage act must recite the location of the property affected; otherwise, there is no valid encumbrance as against third persons. The referred to section reads:

"Section 6. Be it further enacted, etc., that for the purpose of this Act, it shall be sufficient for the Recorder of each Parish to keep a book to be known as the Chattel Mortgage Book, which shall be ruled off into columns, with headings as follows:

" 'Time of Filing for Recordation'; 'Name of Mortgagor'; 'Name of Mortgagee'; 'Date of Instrument'; 'Amount Secured'; 'When Due'; 'Property Mortgaged'; 'Remarks.'

"Under the head of 'Property Mortgaged,' it shall be sufficient to enter a general description of the property and the particular place where located."

Assuming, arguendo, and for that purpose only, that the provision just ·quoted sustains counsel's contention, we are of the opinion that the act of chattel mortgage under consideration satisfies the mentioned requirement. As is noted from the hereinabove copied extract, the mortgaged property was shipped to "W. G. Marrs, corner of Texas & Spring streets, Shreveport, Caddo Parish, Louisiana." Certainly, this sufficiently designates and names the location of the encumbered movables.

Having determined that appellants' chattel mortgage is valid, we now give consideration to the other contention of plaintiffs that the encumbrance sought to be enforced by appellant is inferior in rank to their lessor's lien and privilege for the reason that the affected articles were plac· ed in the leased premises before the re· cordation of the chattel mortgage act.

The settled jurisprudence of the state relative to this issue is that the privilege resulting from the execution and recordation of a chattel mortgage takes precedence over and primes a lessor's lien and privilege arising subsequently thereto; and, conversely, a prior lessor's lien is superior to a subsequently recorded chattel mortgage. Youree et al. v. Limerick, Papas, Intervenor, 157 La. 39, 101 So. 864, 37 A.L.R. 394; Union Building Corporation v. Burmeister, 186 La. 1027, 173 So. 752.

The only chattel mortgage asserted and alleged on by appellant in this cause is of date September 29, 1936. On direct examination, a district representative and witness of appellant testified that such mortgage was filed for record and recorded before the property covered thereby was placed in the rented premises. However, under cross-examination, he stated that the only article purchased by defendant under the September 29, 1936, transaction was the used meat cooler. There is also evidence in the record that the refrigerator counter, described in the above-mentioned act of mortgage, was affected by another chattel mortgage executed by defendant in appellants' favor un-

der date of June 22, 1936, which is not involved in this suit, and was placed in the rented premises after the recordation of the last-mentioned instrument. From all of this proof, it must be concluded that the mortgaged property, except the used meat cooler, was purchased and placed in the leased premises in connection with the chattel mortgage of date June 22, 1936, and was there located when the act of September 29, 1936, was executed and recorded. Appellant's pleadings contain no allegations regarding the mortgage act of June 22, 1936, and because of this. its introduction in evidence was properly denied after timely objection had been made by plaintiffs' counsel.

Accordingly, we hold, as did the trial court, that appellant's chattel mortgage is superior in rank to the lessor's lien and privilege of plaintiffs in so far as the used meat cooler is concerned, but with reference to the remaining seized property it is inferior thereto.

The judgment appealed from is affirmed. Appellant shall pay the cost of the appeal.