BOUTALL, Judge.
The original proceeding herein is a civil suit seeking to enjoin the enforcement of a criminal ordinance of the City of Kenner. At the trial it was stipulated that the rule nisi for preliminary injunction and the merits of the case for a permanent injunction would be tried at the same time and that the judgment to be rendered would be considered the judgment on the merits. The trial court refused to enjoin the enforcement of the ordinance, and plaintiff has appealed.
In examining the record, we noted that the appeal bond furnished herein is unsigned by either principal or surety, and that the affidavits of principal and surety are both blank and unsigned. We are required to take notice of the lack of jurisdiction of the appellate court, and hence we directed counsel to address briefs to us on the question of jurisdiction, or lack thereof.
The issue is a rather simple one. If we consider that the document filed is an appeal bond, although it may be insufficient or invalid, then we have jurisdiction and the appeal may not be dismissed without an opportunity to furnish a new or supplemental bond. C.C.P. Art. 5125. If, on the other hand, we consider that the document filed constitutes no bond at all, and the delays for furnishing appeal bond had run, we do not have jurisdiction. C. C.P. Art. 2123, 2087, and 2088. We have been referred to a number, of cases in the jurisprudence, and we have examined others which might contain some pertinen-cy. We note that appeals are favored in law and that our courts have attempted to support the appeal wherever possible. We note for example the recent case of Green v. Jefferson Truck Service, Inc., 274 So.2d 396 (La.App. 4th Cir. 1973) in which the surety failed to sign the bond form, but did execute an affidavit of surety on the reverse side. Believing that this action clearly showed his intention to be bound in the appeal bond, we held the document to be an appeal bond, but merely deficient, and rejected a motion to dismiss the appeal.
*868 In the present case we find no aid in order to permit us to say that the document filed is indeed a bond. The document is an appeal bond form furnished by the Clerk of Court and the blanks are filled in with the names of Robert J. Guil-lot as principal and Steve’s Bonding Agency as surety. However the bond is unsigned by both principal and surety, and the affidavit on the rear of the form is entirely blank. Under these conditions, we believe that we should follow the pronouncement of the appellate court in the case of Durrett Hardware & Furniture Co. v. Howze, 174 So. 205 (La.App. 2nd Cir. 1937). In that case it was held that such a purported bond is no bond at all, and in the absence of an appeal bond the court was without jurisdiction to entertain the appeal.
In the case at bar, we note that there was filed along with the bond a power of attorney of Peerless Insurance Company purporting to appoint Stephen Ghergich, Jr. as attorney-in-fact to execute a criminal bail bond on behalf of “Ronald J. Guil-lot”. Considering that C.C.P. Art. 5122 provides that a surety company licensed to do business in this state does not have to furnish the affidavits of surety, it is possible to consider such power of attorney to take the place of the prescribed affidavit, and as in the case of Green v. Jefferson Truck Service, Inc., supra, declare that the bond is merely defective. However, nowhere on the face of the bond is Peerless Insurance Company named to be the proposed surety. There is simply no one on this bond whom we could consider might be held as surety, and we must declare it no bond at all.
For the reasons above assigned, we are of the opinion that this court does not have jurisdiction to consider the appeal, and we order the appeal dismissed at appellants’ cost.
Appeal dismissed.
LEMMON, J., concurs specially.
GULOTTA, J., dissents.