326 So.2d 359 (1976)
Robert J. GUILLIOT et al.
v.
The CITY OF KENNER et al.
No. 56569.
Supreme Court of Louisiana.
January 19, 1976.
*360 Samuel W. Ethridge, Kenner, for plaintiffs-applicants.
Hubert A. Vondenstein, Kenner, for defendants-respondents.
SUMMERS, Justice.
This case began as a class action instituted by Robert J. Guilliot to enjoin the enforcement of ordinances of the City of Kenner defining and regulating certain places where coin operated amusement games are available for the use and enjoyment of the public. Plaintiff prayed for and obtained a temporary restraining order upon furnishing a bond in the amount of $1,000. The bond was furnished, and at the trial it was stipulated that the rule nisi for a preliminary injunction and the issue of a permanent injunction would be tried at the same time.
Injunction was denied by the trial court, and on June 10, 1974 plaintiff obtained an order of "suspensive appeal and/or in the alternative a devolutive appeal" to the Fourth Circuit upon furnishing an appeal bond in the amount of $1,400.
On June 11, 1974 plaintiff filed with the clerk of the district court an improperly accomplished bond form. Plaintiff Robert J. Guilliot was named as principal and Steve's Bonding Agency was named as *361 surety. The bond was in favor of the Civil Clerk of the Twenty-Fourth Judicial District in the amount of $1,400. Among other less serious discrepancies, the bond was not signed by the principal or surety. The affidavit forms provided on the reverse for execution by the surety and principal were neither accomplished nor signedthey were entirely blank.
A power of attorney granted by Peerless Insurance Company which names Stephen Ghergich as attorney-in-fact is attached to the bond form. The power of attorney purports to authorize the attorney-in-fact to sign as surety on a criminal bail bond to be given by Guilliot to the State of Louisiana in the amount of $1,400. It does, however, contain a brief penned reference to "Appeals City of Kenner."
The appeal was lodged in the Court of Appeal, argued on its merits and submitted. Shortly thereafter, on April 10, 1975, an examination of the record disclosed that the order of appeal was granted on June 10, 1974 on the condition that an appeal bond in the amount of $1,400 be furnished, and that the only bond in the record was that filed on June 11, 1974, purporting to be a bond with Robert J. Guilliot as principal and Steve's Bonding Agency as surety. The Court of Appeal also noted that the bond was unsigned and that the power of attorney of Peerless Insurance Company indicated the agent, Stephen Ghergich, was only permitted to execute a criminal bail bond. The court, therefore, addressed a letter to counsel of record expressing concern regarding the existence of its jurisdiction, "as the appeal bond must be furnished within the delay granted for an appeal, C.C.P. Art. 2123 and Art. 2087." Citing Article 2088 of the Code of Civil Procedure[1], the court expressed the view that jurisdiction did not attach in that court unless an appeal bond was timely filed. Briefs were requested from counsel on the issue thus noted by the Court of Appeal.
Shortly thereafter, on April 16, 1975, plaintiff Guilliot as principal filed another bond in favor of the Clerk of the trial court. A copy was also filed in the Court of Appeal. The bond in the amount of $1,400 was signed by Reliance Insurance Company as surety and is otherwise in proper, legal form. No brief was filed, except a short memo by defense counsel.
In this posture of the case, relying upon the pronouncements of the Second Circuit in Durrett Hardware & Furniture Co. v. Howze, 174 So. 205 (La.App.1937), the Court of Appeal rendered its decision holding that the purported bond furnished was no bond at all, and that, in the absence of an appeal bond, the court was without jurisdiction to entertain the appeal. Accordingly, the appeal was dismissed. 313 So.2d 866. Certiorari was granted on plaintiff's application. 318 So.2d 44.
Plaintiff presents two questions on this review: 1) Does the court of appeal have authority or jurisdiction to test the validity of an appeal bond; and 2) may the court *362 of appeal dismiss an appeal holding that no bond was filed when a new and supplemental bond had been filed in accordance with article 5124 of the Code of Civil Procedure?
"When a party to a judicial proceeding is required by law or order of court to furnish security, any bond so furnished shall be made payable to the clerk of the trial court in which the proceeding was brought. When the party required to furnish same is a plaintiff, a cash bond may be furnished in lieu of other security, at his option.
"Any person in interest may sue thereon. No error, inaccuracy, or omission in naming the obligee on the bond is a defense to an action thereon." La.Code Civ.P. art. 5121.
"Except as otherwise provided in this article, no bond shall be accepted in a judicial proceeding unless accompanied by affidavits of:
"(1) Each surety that he is worth the amount for which he bound himself therein, in assets subject to execution, over and above all of his other obligations; and
"(2) The party furnishing the bond that he is informed and believes that each surety on the bond is worth the amount for which the surety has bond himself therein, in assets subject to execution, over and above all of the other obligations of the surety.
"This article does not apply to a bond executed by a surety company licensed to do business in this state." La.Code Civ.P. art. 5122.
". . . . . .
"A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment.
"Both devolutive and suspensive appeal bonds shall afford security for the payment of all appellate costs paid by the appellee, and all costs due by appellant, including those due the clerk of the trial court for the preparation of the record on appeal." La.Code Civ.P. art. 2124.
These articles demonstrate that certain definite requirements apply to appeal bonds. When these requirements are considered along with the provisions of Article 2123 that a suspensive appeal "may be taken, and the security therefor furnished, only within thirty days" it becomes clear that the furnishing of bond or security is a necessary step in the process of appeal. For furnishing the bond, like the motion or petition of appeal, must be accomplished within the thirty days prescribed for the appeal, otherwise the judgment is definitive and is no longer subject to reversal or modification for "the time fixed by law for appealing is elapsed." La.Civ.Code art. 3556(31); La.Code Civ.P. art. 2087.
In this suspensive appeal the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, "on the timely filing of the appeal bond." La.Code Civ.P. art. 2088. In the absence of the "timely filing" of an appeal bond, therefore, the trial court's jurisdiction is not divested and the jurisdiction of the appellate court does not attach. Arnold v. Arnold, 217 La. 362, 46 So.2d 298 (1950). When jurisdiction does not attach in the appellate court, that court is obliged to recognize the fact and refuse to entertain review of a case over which it has never acquired jurisdiction. While the appellate court does not have jurisdiction to consider the form, substance and sufficiency of an appeal bond, it does have the authority to determine whether what purports to be a bond is in fact a bond, and whether it was timely filed, for only then does its jurisdiction attach. Mason v. State Farm *363 Mutual Automobile Insurance Co., 312 So.2d 175 (La.App.1975); Jones v. Galloway, 259 So.2d 623 (La.App.1972).
Whether the Court of Appeal in the instant case properly dismissed the appeal, therefore, depends upon whether the bond relied upon by the plaintiff is such that it is subject to objections as to form, substance or sufficiency; or whether the defects of the alleged bond are so glaring and so numerous that it forms no bond at all. If no bond at all was furnished the appellate court properly dismissed the appeal.
If what purports to be a bond complies substantially with the requirements of the law, objections as to its form, substance or sufficiency are properly resolved by the trial court, which retains jurisdiction for that purpose as of the date of its filing or subsequently. La.Code Civ.P. art. 2088. The trial court is authorized to cure these objections. La.Code Civ.P. arts. 5123, 5124, 5125.
On the other hand, if what purports to be a bond is nothing but blank unsigned paper it cannot be cured and it does not meet the requirements of a bond. The filing of such a document is not a "timely filing" of security which gives jurisdiction to an appellate court. Gagneaux v. Desonier, 104 La. 648, 29 So. 282 (1901); Durrett Hardware & Furniture Co., Inc. v. Howze, 174 So. 205 (La.App.1937). This was the situation in the instance case. The purported bond did not substantially comply and could not be cured. To give effect to a document purporting to be an appeal bond which does not bind the surety would render Articles 5121, 5122 and 2124 of the Code of Civil Procedure meaningless.
Nor did the tardy filing of a properly executed bond on April 16, 1975, long after the expiration of the delays for appeal, have the effect of curing a purported bond which could not be cured. Article 5124 of the Code of Civil Procedure contemplates the curing of insufficient and invalid bonds, it does not provide for curing documents which are no bonds at all.
The long-standing doctrine in Louisiana law favoring appeals does not excuse utter noncompliance with express legislation governing appeals.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
TATE, J., dissents and assigns written reasons.
CALOGERO and DENNIS, JJ., dissent.
TATE, Justice (dissenting).
The issue is whether an appeal should be dismissed because of a timely-filed but improperly accomplished bond form.
Our code of civil procedure requires that, before an appeal is dismissed for a defect in the bond, the appellant must have the opportunity to correct it. La.C.Civ.P. arts. 5123-25. Under our general jurisprudence, this important procedural reform, first initiated by 1916 legislation and subsequently legislatively broadened, should be liberally interpreted so as to accomplish its purpose of preventing the loss of appellate rights through defective completion of bonds.
I must respectfully disagree with the scholarly majority opinion that the first imperfectly completed bond was no bond at all, just a blank piece of paper.
Very imperfectly, it is true, the bond form states its purpose of securing the $1400 bond fixed by the district court for the present appeal. An affidavit form executed by the bondsman clearly identifies him as an agent of an insurance company. He collected a premium for furnishing the bond.[1] In my opinion, if contested, the *364 bond could have been reformed on the grounds of error and held enforceable, at least against the agent who accepted the premium and issued the bond in improper form. See many decisions cited in 16 West's Louisiana Digest, "Reformation of Instruments", 1 et seq. At any rate, the bond form filed is not a blank piece of paper clearly without any binding consequences whatsoever.
Our holding today conflicts with the virtually unanimous jurisprudence since enactment of the 1916 procedural reform.
As this court noted, citing the statute and many earlier decisions, errors in execution of a timely-filed bond should not cause the dismissal of an appeal unless, after complaint, the appellant timely fails to correct the deficiency. Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147 (1945). In that case, as in this, the appellant had failed to sign the bond as a principal; but the obligation it represented was nevertheless enforceable against him. A long line of decisions has so held.
Likewise, an equally long line of decisions has held that, under the statute, an appeal should not be dismissed where the surety has not signed the bond, where (as here) he signed the affidavit. See Succession of Uthoff, 196 La. 892, 200 So.2d 290. The court pointed out that, even if the bond were invalid on that account, the appellant had the right under the statute, now La.C.Civ.P. art. 5124, to correct or replace the invalid bond.
Our holding today is in conflict with these and many other decisions of our courts. The 1901 decision of this court upon which the majority relies was legislatively overruled by the 1916 enactment. The only other authority cited, a 1937 intermediate decision, is not in accord with the earlier and later decisions of this court and of the courts of appeal.
The unambiguous code provisions were recently applied, for example, so as to avoid dismissal of appeals without the opportunity to correct or replace initiallyfiled bonds with deficiencies equivalent to the present in Phillips v. Schmidty, 311 So.2d 471 (La.App.4th Cir. 1975) (see deficiencies summarized at 311 So.2d 475) and Arrow Construction Company, Inc. v. American Employers Insurance Co., 273 So.2d 582 (La.App. 1st Cir. 1973) (see holding that jurisdiction to test deficiencies of the nature here alleged is in trial court, 273 So.2d 584).
I must therefore respectfully dissent from the majority's dismissal of this appeal by resurrecting two long-discarded jurisprudential expressions from our procedural dark ages. By so doing, we have disregarded the unambiguous code of civil procedure articles (as well as the many decisions of this and the intermediate courts properly interpreting them) preventing dismissal of appeals without an opportunity to correct or replace technically inadequate appeal bond forms.
NOTES
[1] La.Code Civ.Proc. art. 2088:

"The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
"(1) Allow the taking of a deposition, as provided in Article 1437;
"(2) Extend the return day of the appeal, as provided in Article 2125;
"(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
"(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
"(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
"(6) Grant an appeal to another party; or
"(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal.
"(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code."
[1] We are so informed without contradiction. The dismissal ex proprio motu in the intermediate court prevented taking of evidence on this point.