*1319 MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
The plaintiff-appellee, Joe Williams, moves to dismiss the suspensive appeal of the defendants-appellants, Winston Industries, Inc. and Travelers Insurance Company, on the grounds that the amount of the appeal bond was not fixed by the trial court as required by LSA-C.C.P. Art. 2124(3).
We deny the motion.
This is a suit for workmen’s compensation. Judgment was rendered and signed on April 11,1977, decreeing the plaintiff to be totally and permanently disabled, and granting benefits of $80.00 per week from October 13, 1977, presumably for the duration of his disability as provided for in LSA-R.S. 23:1221(2). The judgment also awarded penalties and attorney’s fees under LSA-R.S. 22:658.
On April 25, 1977, the defendants-appellants filed a motion for a suspensive, or in the alternative, devolutive appeal, on a form drafted by the defendants-appellants, and the trial court signed an order on April 26, 1977, granting a suspensive, or in the alternative, devolutive appeal, “upon their furnishing bond with good and solvent surety conditioned as the law directs.” The order did not state the amount required for a devolutive appeal bond.
On April 26, 1977, the defendants-appellants timely posted what purports to be a suspensive appeal bond in the amount of $12,000.00.
The plaintiff-appellee argues that since the judgment is for an uncertain number of weeks, and hence the ultimate sum of money awarded by the judgment could not be determined on the date the judgment was rendered, it is not a judgment for a “sum of money” within the meaning of LSA-C.C.P. Art. 2124(1), and avers that the security to be furnished should have been set by the trial court under LSA-C.C.P. Art. 2124(3). The plaintiff-appellee argues that since the defendants-appellants’ suspensive appeal bond was furnished under the wrong statutory provisions, their appeal must be dismissed under our holding in Roy v. Roy, 138 So.2d 417 (La.App.3rd Cir. 1962). We disagree.
Article 2124 provides in pertinent part as follows:
“The security to be furnished for a devol-utive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs.
The security to be furnished for a suspen-sive appeal is determined in accordance with the following rules:
(1) When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of costs;
(2) When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required; and
(3) In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution.”
The accident injuring the plaintiff occurred on October 13, 1975, therefore, the applicable statutory provision is LSA-R.S. 23:1221(2) which provides:
“For injury producing permanent total disability of an employee to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.” (Emphasis added).
This section was added by Act 1975, No. 583 ¶ 9, effective September 1, 1975. Prior to this amendment workmen’s compensation benefits for total and permanent disability could not exceed 500 weeks.
*1320 Although the amount of a judgment for total and permanent disability is not susceptible, under the new statute, of being calculated with exact certainty, it is nevertheless for “a sum of money,” and hence LSA-C.C.P. Art. 2124(1) rather than LSA-C.C.P. Art. 2124(3) is applicable.
While we recognize that the redactors of Article 2124 did not contemplate the later adoption of an open end compensation statute, this is a problem which addresses itself to a legislative rather than a judicial solution to remedy any injustice that may result.
In the present case the appellants have furnished a $12,000.00 suspensive appeal bond. Whether the bond is or is not sufficient, we are without jurisdiction to determine. Guilliot v. City of Kenner, 326 So.2d 359 (S.Ct.1976), LSA-C.C.P. Art. 2088. If the appellee believes the bond to be insufficient, his remedy is to file a rule with the trial court.
For the reasons assigned, the motion to dismiss is denied.
MOTION DENIED.