LOTTINGER, Judge.
Relators, Gulf States Utilities Company and American Home Insurance Company, *1249 applied to this Court for alternative writs of mandamus, certiorari and prohibition complaining of the Trial Judge’s order declaring their appeal bond filed as insufficient for failure of a countersignature of a Louisiana resident agent for the surety. Alternative writs were issued on July 25, 1977 “commanding the Honorable Eugene W. McGehee, Judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, to recall and vacate his order declaring the appeal bond insufficient for failure of a countersignature of an agent for the surety, who is a Louisiana resident, and to declare the appeal bond valid and sufficient.” The respondents have taken the alternative.
The appellate courts of Louisiana have the authority and duty to determine whether what purports to be a bond is in fact a bond. Guilliot v. City of Kenner, 326 So.2d 359 (La.1976).
It is argued by respondents that the failure of the surety bond issued by New Hampshire Insurance Company, as surety, to Gulf States Utilities Company and American Home Insurance Company, as principal, to be countersigned by an agent of New Hampshire Insurance Company who is also a Louisiana resident renders the bond invalid under the provisions of LSA-R.S. 22:1171 which in part provides:
“All policies of insurance, including powers of attorney attached to bail bonds, for or on behalf of any insurer, covering any property, or insurable interests, or business activities, located within, or transacted within this state shall be signed or countersigned by an agent licensed under this part who is a resident of this state and who is compensated on a commission basis.”
We do not agree. LSA-R.S. 22:1171 had its origin with Act 348 of 1938, Regular Session. Section 4 of Act 348 provided “that no insurance contract herein referred to shall be valid in Louisiana except when signed in Louisiana by a Resident Agent, or by a representative or attorney-in-fact as provided in the above section.” When the insurance laws of Louisiana were codified into the Insurance Code[1] by Act 195 of 1948, Regular Session, Section 4 of Act 348 of 1938, Regular Session, was not carried forward, and we can find no counterpart to Section 4 of Act 348 in the Insurance Code. Additionally, by the adoption of Act 195 of 1948, Regular Session, Act 348 of 1938, Regular Session was expressly repealed. Therefore, we must conclude that the Legislature expressly intended to repeal that section of the insurance law that declared those insurance contracts invalid which were not signed in Louisiana by a resident agent. Additionally, our brethren on the Third Circuit Court of Appeal have held that an agent’s failure to countersign the policy would not be grounds for invalidation. Fowler v. Gulf Insurance Company, 306 So.2d 406 (La.App. 3rd Cir. 1975).
Therefore, for the above and foregoing reasons the writ issued by this Court is made preemptory. This matter is now remanded to the Trial Court for the purpose of allowing the Trial Judge to recall and vacate his order. All costs of this proceeding before this Court are taxed to respondent.
WRIT MADE PREEMPTORY.

. LSA-R.S. 22:1, et seq.