ON MOTION TO DISMISS
SAMUEL, Judge.
This matter is before us solely on a motion filed by the two appellees to dismiss a suspensive appeal taken by Donald M. Clements Contractor, Inc., one of two appellants. The motion is based on the contention that the appeal bond does not purport to be a bond for Clements and the surety, Fidelity and Deposit Company of Maryland, guarantees payment by Bituminous Casualty Corporation, apparently (due to the fact that the record has not been lodged in this court and the matter is before us only on the briefs filed) the liability insurer of Clements, who is the other appellant but who was not a named party defendant and was not cast in the judgment appealed from.
In pertinent part Code of Civil Procedure Article 2088(5) provides that following the granting of the order of appeal and the timely filing of the appeal bond the trial court still retains jurisdiction to:
“Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;” LSA-C.C.P.Art. 2088(5).
Movers rely on the case of Guilliot v. City of Kenner, La., 326 So.2d 359, which holds that, despite the above quoted provision of Article 2088, the Court of Appeal does have jurisdiction in a case where the defects of the alleged bond are so glaring and so numerous that it forms no bond at all and thus prevents acquisition of jurisdiction by the appellate court because no bond has been filed timely.
A copy of the suspensive appeal bond filed in this case is attached to movers’ brief. We have read that bond carefully and we find, quite clearly, that the alleged defects are not so glaring or numerous that it forms no bond at all. In fact, from our reading of the bond’s provisions, particularly the provision complained of, quite the contrary appears to be true.
Accordingly, we have no jurisdiction to consider the objections to the bond; the trial court alone has that jurisdiction under Code of Civil Procedure Articles 2088(5), 5123, 5124 and 5126.
For the reasons assigned, the motion to dismiss is denied.

MOTION TO DISMISS DENIED FOR LACK OF JURISDICTION.