COVINGTON, Chief Judge.
The State of Louisiana, appellant, through the Office of the District Attorney for the Parish of East Baton Rouge appeals from the summary judgment signed September 14, 1990, in favor of Mark V. Marinoff, appellee. Mr. Marinoff was adjudged entitled to the return of $3,000.00 in U.S. currency which had been seized for forfeiture by officers of the East Baton Rouge Sheriffs Department from the residence of Oliver Alfred Walker. For the reasons stated below, we reverse and remand.
FACTS
On March 16, 1990, Sheriffs Department officers executed a search warrant at the residence of Oliver Alfred Walker. Present at the residence were Walker, Anthony Malveo, Amy Malveo, Huey Goldman, and Geno Sterling. Pursuant to the search warrant, quantities of various illegal drugs, drug paraphernalia, and $3,491.00 in cash was seized. Among the cash seized, $3,000.00 was found in two bundles, one containing $1,000.00 and one containing $2,000.00. Each was wrapped in rubber bands, atop a television set in Walker’s bedroom.
The matter was reported to the District Attorney’s Office for criminal prosecution and for institution of forfeiture proceedings pursuant to LSA-R.S. 40:2601 et seq.
In response to the Notice of Pending Forfeiture filed by the District Attorney’s Office, Mr. Marinoff filed an Affidavit asserting he was an interest holder in $3,000.00 of the money seized. He claimed his interest was pursuant to a conventional obligation between himself and Diane Joseph, arising out of legal representation for Ms. Joseph and her minor son. Mr. Mari-noff claimed Ms. Joseph had entrusted the $3,000.00 to Amy Malveo for delivery to Marinoff, that the $3,000.00 was not subject to seizure, and should be returned to him.
The record establishes the State then filed a Petition for Forfeiture and Marinoff answered. Included in his answer was a Motion for Summary Judgment, an Affidavit for Surety, and an Affidavit of Principal, along with Affidavits by Ms. Joseph and Alfred Walker. The State responded by filing a Motion to Reject Bond, Answer, and Motion for Summary Judgment, and their own Motion for Summary Judgment. A hearing was held on September 14, 1990, and the court ruled Marinoff’s bond was sufficient, that the $3,000.00 belonged to Marinoff, and ordered the money returned to him. The court also held the State had acted in good faith and denied attorney’s fees. After striking provisions awarding Mr. Marinoff legal interest and attorney’s fees, the judge signed a prepared judgment.
Contained in the record is a second judgment, signed on September 17, 1990, awarding legal interest to Marinoff.
The State filed a Motion for Ne.v Trial and a hearing was held on October 1, 1990. The minute entry for October 1 shows State’s Motion for a New Trial denied and, by oral and written motion, an appeal by the State. On October 3, 1990, a third judgment was signed denying the State’s Motion for a New Trial and awarding Mari-noff $300.00 in attorney’s fees. The State assigns as error: 1) finding Marinoff’s bond sufficient; 2) considering Marinoff’s Motion for Summary Judgment; 3) finding Marinoff established standing to pursue a *486 claim; 4) finding Marinoff established ownership; 5) granting Summary Judgment; and 6) signing two additional judgments.
SUFFICIENCY OF BOND
The State argues as error the finding by the trial court that Marinoff s bond, as required by LSA-R.S. 40:2612 E, was sufficient. The Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 is contained in LSA-R.S. 40:2601 et seq. This Act establishes procedures for the seizure and forfeiture of controlled dangerous substances property. LSA-R.S. 40:2612 describes the in rem proceedings brought by the District Attorney after a Notice of Pending Forfeiture has been filed. The District Attorney is required to petition the court for forfeiture of the seized property and to give notice to the owners or interest holders by personal service, publication, or by mailing written notice. LSA-R.S. 40:2608. If the owner or an interest holder in the property wishes to file an answer, LSA-R.S. 40:2612 E requires:
The answer shall be filed within fifteen days after service of the civil in rem petition and shall be accompanied by a bond to the court in the amount of ten percent of the estimated value of the property as alleged in the petition, or twenty-five hundred dollars, whichever is greater. In no case shall the amount of the bond be greater than two hundred fifty thousand dollars. Sureties shall be approved by the district court upon condition that in the case of forfeiture the claimant shall pay all costs and expenses of the proceedings.... In lieu of a cost bond, a claimant may ... move the court to proceed in forma pauperis.
LSA-R.S. 40:2612 E requires that an answer from a claimant be accompanied by a bond or a motion to proceed in forma pau-peris. Nowhere in the record is there any indication that Mr. Marinoff intended to proceed in forma pauperis. Therefore, a bond to the court was required. Marinoff did not file a bond to the court with his answer. He did include an Affidavit for Surety, signed by Richard M. Upton, Surety, and an Affidavit of Principal, signed by Marinoff, Principal. However, both of these are merely statements, attesting to the solvency of Mr. Upton. Neither of these documents is a bond.
Guidelines for bonds in judicial proceedings are given in La.Code Civ.Proc. articles 5121 through 5127. These articles require the bond be made payable to the clerk of the trial court, and require the bond be accompanied by affidavits of the surety and the party furnishing the bond, the principal. These articles were applied in Mason v. State Farm Mutual Automobile Insurance Co., 312 So.2d 175 (La.App. 1st Cir.1975). In that case, the appellant filed what was purported to be an appeal bond. This court stated the “certificate^] by the Recorder of Mortgages and the Register of Conveyances of the Parish of Orleans ... [were] lacking of the requirements of C.C.P. articles 5121 and 5122” and held that no valid appeal bond had been filed. In Guilliot v. City of Kenner, 326 So.2d 359 (La.1976), an unsigned bond form with the affidavits on the back left blank, was held to be no bond at all. The court stated, “[t]o give effect to a document purporting to be an appeal bond which does not bind the surety would render articles 5121, 5122 and 2124 [1] of the Code of Civil Procedure meaningless.” Guilliot, 326 So.2d at 363. Without an obligation to pay, there was no bond.
Mr. Marinoff’s affidavits include no obligation to pay nor is either he or Mr. Upton bound to the court for costs. Marinoff failed to include the required bond with his answer. The language of the statute is mandatory. LSA-R.S. 1:3. Because the answer failed to meet the requirements of LSA-R.S. 40:2612 E, the answer by Mari-noff was not properly before the court. The judgment of the trial court releasing $3,000.00 in U.S. currency to Marinoff is reversed.
We pretermit discussion of the other assignments of error. We do note, however, that the additional judgments of September *487 17 and October 3, 1990, contain alterations in the substance of the September 14, 1990 judgment and are not amendments of a final judgment[2]. The awards of legal interest and attorney’s fees to Mr. Marinoff are invalid. This case is remanded for further proceedings not inconsistent with the views expressed herein. Costs of this appeal are to be borne by the appellee.
REVERSED AND REMANDED.

. La.Code Civ.Proc. article 2124 sets out the guidelines for security required for an appeal.

. La.Code of Civil Procedure art. 1951 states: A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1)
To alter the phraseology [sic] of the judgment, but not the substance; or (2) To correct errors of calculation. (Emphasis added.)