# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-1332

**J. L. FRANKLIN**

**VERSUS**

**SECRETARY OF STATE, STATE OF
LOUISIANA, AL ATER**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-4815
HONORABLE RICK BRYANT
DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett,
Judges.

**APPEAL DISMISSED.**

**James B. Doyle**
**4809 Ihles Road**
**Lake Charles, Louisiana 70605**
**(33) 474-9989**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **J. L. Franklin**

**Stephen Hawkland**
**Office of Secretary of State**
**8549 United Plaza Boulevard, 1st Floor**
**Baton Rouge, Louisiana 70809**
**(225) 287-7475**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Secretary of State, State of Louisiana, Al Ater**

PETERS, Judge.

Plaintiff-appellant, J. L. Franklin ("Franklin"), has appealed the trial court's dismissal of his election challenge, brought pursuant to La.R.S. 18:1409, which sought the nullification of the September 30, 2006, election for the Calcasieu Parish School Board District Fourteen seat. Franklin alleged that multiple voting irregularities altered the results of the election, resulting in his loss to the winner by four votes. The trial court held that substantial irregularities were not established and dismissed the election suit. We do not reach the merits of this appeal. We dismiss the appeal, recognizing that this court has not gained jurisdiction to hear this matter due to the failure of the plaintiff-appellant to file an appeal bond, as required by La.R.S. 18:1409(D).

## DISCUSSION OF THE RECORD

Franklin was a candidate for re-election for the Calcasieu Parish School Board, District Fourteen seat in the September 30, 2006 election. Franklin received 574 votes and the winner, Elray Victorian, received 578 votes, of the 1260 votes cast in the precincts included in that election. Franklin filed a Petition to Contest the Election Result, alleging that the election results were altered due to various voting irregularities. The bench trial of this matter occurred on October 12, 2006 at 10:00 a.m. At the close of the trial, the trial court orally ruled that the results of the election would be upheld.

A judgment reflecting this ruling was presented to the trial court and signed on the following day, October 13, 2006 at 2:00 p.m. On that same day and time, Franklin filed his Motion and Order for Appeal and obtained a signed Order from the trial court, granting the motion to appeal to this court, setting a return day of October 16, 2006[1], and ordering the posting of an appeal bond in the amount of $5,000.00.

---

[1]The record reflects that the return day was originally set by the trial court as November 13, 2006, but was corrected by the trial court to reflect a return day of October 16, 2006 in

The record was lodged with this court on October 17, 2006. An examination of the record revealed that a pleading styled Security Bond for Costs was filed by counsel for Franklin, on October 13, 2006. The body of that pleading states in its entirety, "In accordance with La.R.S. 18:1409, I am security for the costs in above numbered and entitled cause, and agree to pay costs as they accrue, according to law." This court noted that this document was the sole document contained in the record purporting to satisfy the appeal bond requirement.

"When jurisdiction does not attach in the appellate court, that court is obliged to recognize that fact and refuse to entertain review of a case over which it has never acquired jurisdiction." *Guillot v. City of Kenner*, 326 So.2d 359, 362 (La.1976). The statute governing appeals of actions contesting elections states in relevant part:

### § 1409. Trial; decision; appeal

D. Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal *by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. . . .*

La.R.S. 18:1409(D)(emphasis added). Louisiana Code of Civil Procedure Articles 5121, *et seq.*, demonstrate that certain definite requirements apply to appeal bonds. Adopting the language of the supreme court in *Guillot*, 326 So.2d 359, 362-363, we recognize the following:

> While the appellate court does not have jurisdiction to consider the form, substance and sufficiency of an appeal bond, it does have the authority to determine whether what purports to be a bond is in fact a bond and whether it was timely filed, for only then does its jurisdiction attach. *Mason v. State Farm Mutual Automobile Insurance Co.*, 312 So.2d 175 (La.App. 1975); *Jones v. Galloway*, 259 So.2d 623 (La.App. 1972).

Relying on the supreme court's decision in *Guillot*, 326 So.2d 359, we find that

accordance with La.R.S. 18:1409.

3

the purported appeal bond furnished was no bond at all and that this court is without jurisdiction to entertain this appeal. The defects of this alleged bond are glaring, and on its face, the document fails to substantially comply with the requirements of a bond. *See Guillot*, 326 So.2d 329; *see also*, La.Code Civ.P. arts. 5121, 5121.1, and 5122. The filing of this document is not a timely filing of security which gives jurisdiction to this appellate court. *Guillot*, 326 So.2d 359. Moreover, although we recognize that appeals are favored and that La.Code Civ.P. arts. 5124 and 5126 require the opportunity to cure insufficient or invalid bonds, we do not find that these articles contemplate the curing of documents which are no bonds at all. *Guillot*, 326 So.2d 359. As the supreme court stated in *Francois v. Thibodeaux*, 02-1588 (La. 6/12/02), 821 So.2d 479, 479:

> A general rule of statutory construction is that in the absence of legislative intent to the contrary, a special statute enacted for a particular purpose will not be presumed to have been within the scope of a subsequent general enactment on the same subject matter. . . . [I]n the event of ambiguity or conflict, special laws prevail over general laws. . . . The relevant statute, La.R.S. 18:1409(D) is clear and unambiguous in its requirement. It provides that '[w]ithin twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal **and giving bond** for a sum fixed by the court to secure the payment of costs.' (Emphasis supplied). Where the requirements of law are so straightforward, it is improper to resort to equity. *See and compare*, La. Civil Code arts. 4 and 9.

Clearly, an appeal bond was not posted within twenty-four hours, as required by La.R.S. 18:1409(D), and the appeal was not perfected. Therefore, the appeal is hereby dismissed.

**APPEAL DISMISSED.**

4