CLARENCE E. McMANUS, Judge.
 

 Defendants/plaintiffs-in-reconvention/appellants appealed from a judgment of the trial court which granted exceptions of no cause and/or no right of action filed by plaintiff/defendant-in-reconvention/ap-pellee, thereby dismissing defendants’ re-conventional demands. After the appeal was lodged in this Court, plaintiff filed a motion to dismiss the appeal, alleging that the judgment at issue is not a final, appeal-able judgment, and therefore this Court lacks jurisdiction. Because we find merit in appellees’ motion, we dismiss this appeal without prejudice.
 

 Plaintiff instituted this suit on promissory note on February 9, 2007 and amended the petition on September 8, 2008. Defendants answered the suit on September 22, 2008, and filed an amended answer and reconventional demand on January 13, 2009. The plaintiff filed exceptions of no cause and/or right of action and on June 2, 2009, the trial court granted the exceptions, giving defendants 30 days to amend their reconventional demand.
 

 On June 18, 2009, defendants filed their amended reconventional demands. Plaintiffs again filed exceptions of no cause/ right of action, which were granted by the trial court on October 2, 2009. This appeal followed.
 

 Article 1915 of the Louisiana Code of Civil Procedure provides in pertinent part that:
 

 B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 (2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 The judgment in this case does not adjudicate the claims of all the parties because it only disposes of the reconventional demands filed by defendants and does not consider the demands of the plaintiff. Further, the trial court did not designate the judgment as final for purposes of immediate appeal, nor did she make a determination that there is no just reason for delay. Thus, the judgment before us is not appealable. Accordingly we dismiss this appeal without prejudice. See
 
 Raspanti v. Raspanti,
 
 05-738 (La.App. 5 Cir. 3/3/06), 925 So.2d 676;
 
 Brown & Root v. Matherne,
 
 04-206 (La.App. 5 Cir. 7/27/04), 880 So.2d 77.
 

 For the above discussed reasons, this appeal is dismissed without prejudice, and the matter is remanded for further pro-
 
 *1021
 
 eeedings. All costs of this appeal are to be borne equally by the parties.
 

 APPEAL DISMISSED.