McCLENDON, J.,
dissents in part, agrees in part, and assigns reasons.
| Louisiana Code of Civil Procedure article 5124 requires that before an appeal is dismissed for a defect in the bond the appellant must have the opportunity to correct it by furnishing a new or supplemental bond. The purported bond filed in this case was issued in favor of Barry Fanguy, referenced the case number in the underlying district court proceedings, reflected a bond amount of $66,000 (as set by the trial court), and was signed on behalf of the bonding company by an executing agent and senior vice president. Although the bond may have been defective, the document was not merely a blank piece of paper without any binding consequences, and appellant should have been afforded the opportunity to correct the defect. I agree with Justice Tate’s dissent in Guilli-ot v. City of Kenner, 326 So.2d 359, 364, wherein he recognized that the court had “disregarded the unambiguous code of civil procedure articles ... preventing dismissal of appeals without an opportunity to correct or replace technically inadequate *666 appeal bond forms.” Therefore, I respectfully dissent to the extent that the majority concludes that the bond at issue could not be cured. I agree in all other respects.