JOSEPH J. BAZILE, JR. AND BARBARA B. MIRE

VERSUS

CHARLES E. ZETZMANN AND ANNE ZETZMANN

NO. 21-CA-149

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FIRST PARISH COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 155-981, DIVISION "B"
HONORABLE JOHN J. LEE, JR., JUDGE PRESIDING

November 24, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and John J. Molaison, Jr.

**<u>APPEAL DISMISSED</u>**

    **MEJ**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
CHARLES E. ZETZMANN AND ANNE ZETZMANN
    David J. Halpern
    Jill A. Gautreaux

COUNSEL FOR PLAINTIFF/APPELLEE,
JOSEPH J. BAZILE, JR. AND BARBARA B. MIRE
    Robert W. Drouant

**JOHNSON, J.**

Defendants/Appellants, Charles E. Zetzmann and Anne Zetzmann, appeal

the judgment awarding Plaintiffs/Appellees, Joseph J. Bazile, Jr. and Barbara B.

Mire, damages for property damage to a leased property and unauthorized removal

of materials rendered by Jefferson Parish First Parish Court, Division "B".  For the

following reasons, we dismiss the appeal without prejudice.

### FACTS AND PROCEDURAL HISTORY

On April 7, 2000, Lillie M. Bazile, *et al.*[1] (a/k/a "J-L Building") entered into

a lease agreement for commercial property with Charles Zetzmann[2] for the second

floor of the building located at 1623 ½ and 1625 ½ Metairie Road in Metairie,

Louisiana.  Joseph Bazile, Jr. managed the property for J-L Building.  The rent for

the premises started at $1,500 per month for April 1, 2000 through June 30, 2000

and gradually increased over time.  The Zetzmanns operated a Jazzercise exercise

studio in the leased premises.

On August 28, 2012, Hurricane Isaac caused substantial damage to the roof

and portions of the second floor of the leased property.  As a result, repairs were

made to the leased property, particularly new flooring was installed.  The

Zetzmanns selected the laminate flooring and acoustical underlayment to be used

in the facility and acquired the materials.  Plaintiffs reimbursed the Zetzmanns

$8,100 for the materials and paid for the installation of the flooring.

The Zetzmanns vacated the premises on March 31, 2014 and terminated the

lease.  Upon vacating the premises, the Zetzmanns removed the laminate flooring,

acoustical underlayment, towel dispensers, a door knob, and ceiling fans.  On June

2, 2014, Plaintiffs demanded compensation from the Zetzmanns for expenses

necessary to repair alleged damages to the property.  On June 23, 2014, Plaintiffs

---

[1] The property was jointly owned by Lillie Bazile, Joseph J. Bazile, and Barbara B. Mire.
[2] Mr. Zetzmann signed the lease on his own behalf and for his wife, Anne Zetzmann.

filed a "Petition for Damages and to Enforce Lease" against the Zetzmanns, alleging damages to the leased premises and breaches of obligations under the terms and conditions of the lease agreement. In opposition, the Zetzmanns filed a reconventional demand on August 12, 2012, requesting the return of the full amount of their deposit plus attorney's fees and costs.

After several years of delay, a trial on the merits was held on September 22, 2020. At trial, Mr. Bazile and Mr. Zetzmann testified in support of their respective claims. At the conclusion of the trial, the trial court took the matter under advisement. A written judgment was rendered on October 15, 2020. The entirety of the judgment reads as follows:

> The Court, considering the law, the evidence, the documents introduced, the testimony of the witnesses and the argument of counsel;
> IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiffs, JOSEPH J. BAZILE, JR. and BARBARA B. MIRE and against the defendant[s], CHARLES E. ZETZMANN and ANNE ZETZMANN in the amount of ELEVEN THOUSAND ($11,000) DOLLARS for property damage and unauthorized removal of materials, ELEVEN HUNDRED ($1100.00) DOLLARS, for attorney fees, legal interest from date of judicial demand (June 23, 2014) and all costs of court.

The instant appeal by the Zetzmanns followed that judgment.

Lack of Appellate Jurisdiction

In the instant matter, the trial court rendered a judgment resolving the demands of Plaintiffs' petition. However, there is no mention of the claims set forth in the Zetzmanns' reconventional demand.

Pursuant to La. C.C.P. art. 1915(B),

> (1)     When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, *reconventional demand*, cross-claim, third-party claim, or intervention, *the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay*.
> (2)     In the absence of such a determination and designation, any

such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added).

The judgment in this matter does not adjudicate the claims of all the parties because it only disposes of Plaintiffs' demands in their original petition and does not consider the reconventional demand of the Zetzmanns. Further, there was no determination that there is no just reason for delay, as required by La. C.C.P. art. 1915(B)(1).[3,4] Thus, the judgment before us is not a final appealable judgment. Accordingly, we dismiss the appeal without prejudice. *See*, *First Bank and Trust v. Proctor's Cove II, LLC*, 10-1 (La. App. 5 Cir. 3/16/10); 37 So.3d 1019, 1020.

## <u>DECREE</u>

For the foregoing reasons, this appeal is dismissed without prejudice.

## <u>APPEAL DISMISSED</u>

---

[3] We recognize that La. C.C.P. art. 2088 allows the trial court to certify a partial judgment, in accordance with La. C.C.P. art. 1915(B), after a motion for appeal has been granted. However, there was no certification of the partial judgment rendered and supplemented to the instant appellate record.

[4] "When jurisdiction does not attach in the appellate court, that court is obliged to recognize the fact and refuse to entertain review of a case over which it has never acquired jurisdiction." *Franklin v. Secretary of State*, 06-1332 (La. App. 3 Cir. 10/19/06); 942 So.2d 62, 63, *quoting Guillot v. City of Kenner*, 326 So.2d 359, 362 (La. 1976). Here, although the trial court designated the judgment as final pursuant to La. C.C.P. art. 1915(A)(6) in the order granting the appeal, for purposes of determining this Court's jurisdiction, we find that codal article to be inapplicable to the instant matter. The four corners of the judgment do not indicate that the trial court imposed sanctions or disciplinary action pursuant to La. C.C.P. arts. 191, 863 or 864 or La. C.E. art. 510(G).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 24, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-149

**E-NOTIFIED**
FIRST PARISH COURT (CLERK)
HONORABLE JOHN J. LEE, JR. (DISTRICT JUDGE)
JILL A. GAUTREAUX (APPELLANT)

**MAILED**

DAVID J. HALPERN (APPELLANT)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 3600
NEW ORLEANS, LA 70112

ROBERT W. DROUANT (APPELLEE)
ATTORNEY AT LAW
POST OFFICE BOX 24994
NEW ORLEANS, LA 70184