345 So.2d 596 (1977)
Linda Lynch DOLHONDE
v.
Kenneth C. DOLHONDE.
No. 11454.
Court of Appeal of Louisiana, First Circuit.
April 13, 1977.
Lemuel E. Hawsey, Baton Rouge, for appellant.
Wright Wade Adams, Baton Rouge, for appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
Judgment was rendered on November 18, 1976 on the plaintiff's motion to determine and make executory the amount of arrearages in child support. Judgment was signed on December 9, 1976, and the requested notice of the judgment was mailed to the defendant on January 11, 1977. The defendant obtained an order for suspensive appeal, and alternatively for devolutive appeal, on January 18, 1977. On the same date the defendant filed an appeal bond, pledging his share savings account with the Ponchatoula Homestead Association to the clerk of the trial court as security for a suspensive appeal by depositing his account book with the clerk. On January 25, 1977, the defendant filed a written acknowledgment of receipt of the homestead association. The record on appeal was lodged in this Court on March 10, 1977.
On March 14, 1977 the plaintiff-appellee filed a motion to dismiss the appeal, contending that the security was invalid and insufficient and that the appeal should be dismissed. Thereafter, the defendant-appellant filed a devolutive appeal bond in the trial court.
This is not an instance where there was a total failure to file an appeal bond as in Guilliot v. City of Kenner, 326 So.2d 359 (La.1976), where the purported bond was an unsigned bond form. See also Mason v. State Farm Mut. Auto. Ins. Co., 312 So.2d 175 (La.App. 1 Cir. 1975). This bond was admittedly timely filed. The contention of the appellee in the instant case addresses itself to the validity and sufficiency of the appeal bond, not the failure to file bond.
LSA-C.C.P. art. 2088 provides that after an appeal has been taken, jurisdiction of *597 the trial court remains to consider objections to the validity and sufficiency of the appeal bond, and to permit the curing of the defect as provided in LSA-C.C.P. art 5123, et seq. Article 5123 declares that the testing of the validity or sufficiency of the bond must be done by rule in the trial court.
It is well established that an appeal will not be dismissed because the appeal bond is invalid or insufficient unless the validity or sufficiency of the appeal bond has been first contested in the trial court, and the appellant has been afforded an opportunity to cure the defect or supply the insufficiency. See Arrow Construction Co., Inc. v. American Emp. Ins. Co., 273 So.2d 582 (La.App. 1 Cir. 1973), and cases therein cited.
As stated in the Arrow case:
"The clear import of all the above statutory provisions is that jurisdiction to try an alleged insufficiency or invalidity of an appeal bond is vested and remains exclusively in the trial courts. Our review of the cases interpreting both the old and new statutes discloses that the jurisprudence has in effect confirmed the concept that the issue is jurisdictional, and that jurisdiction in such instances is vested exclusively in the trial court."
In Arrow this Court held that appellate courts are without jurisdiction to try initially the validity or sufficiency of an appeal bond, and that jurisdiction of appellate courts in such instances is limited to review of the trial court's action. See also Pardue v. Pardue, 285 So.2d 552 (La.App. 1 Cir. 1973).
Inasmuch as there was no rule to test the validity or insufficiency of the appeal bond in the instant case there is no action of the trial court in this respect for us to review.
We are without jurisdiction in this instance to test initially the validity or sufficiency of the appeal bond; and, accordingly, we deny the motion to dismiss this appeal.
MOTION TO DISMISS APPEAL DENIED.