SAMUEL, Judge.
This matter is before us solely on a motion filed in this court by three defendants-appellees (Dr. A. T. Hunt, Blood Services of *620 Texas, d/b/a Blood Services of New Orleans, and St. Paul Fire & Marine Insurance Company) to dismiss a devolutive appeal taken by the two plaintiffs. The motion is based on the alleged absence of the appeal bond required by Code of Civil Procedure Article 2087 prior to the effective date (January 1, 1978) of that article’s amendment by Act 174 of 1977. The appeal was taken and the appeal “bond” was furnished on December 20, 1977.
The appeal and the appeal bond were timely taken and furnished. However, the bond is signed only by the plaintiffs-appellants themselves. Movers state they do not object to the form, substance or sufficiency of the purported bond. Their only contention is that, because no other person or entity appears on the bond as surety, and because the appellants are already bound as principals, there is no surety whatsoever, the bond is no bond at all, and it is in fact a nullity. Therefore, movers further argue, the appeal has not been perfected and must be dismissed under the wording of former Article 2087, which requires that the appeal bond be taken “and the security therefor furnished” within the delays allowed for taking a devolutive appeal under the applicable Article 2087 and those delays have now elapsed. They rely primarily on Guilli-ot v. City of Kenner.[1]
Plaintiffs-appellants argue that, as the plaintiffs-appellants are husband and wife, and particularly in view of Act 132 of 1926 (which provides that married women have the capacity to bind themselves as security for the benefit of their husbands or of the community) the bond furnished is sufficient because the wife has acted on her own behalf as an appellant and also as surety for her husband and the husband has acted on his own behalf as an appellant and also as surety for his wife.
The Guilliot case, upon which movers rely, does hold that, despite the provision of the here applicable Code of Civil Procedure Article 2088(5),[2] under which provision the trial court retains jurisdiction for the purpose of hearing objections as to an appeal bond’s form, substance or sufficiency, the appellate court can dismiss the appeal when the appeal bond is in fact “nothing but blank unsigned paper”.
In this case the appeal bond is much more than “blank unsigned paper”; arguably, it is a valid bond. Therefore, we are without jurisdiction to consider movers’ objection to the bond. The trial court alone has that jurisdiction under the applicable Code of Civil Procedure Articles 2088(5), 5123, 5124, and 5126.
In reaching our conclusion we are mindful of Code of Civil Procedure Article 5125, which, in pertinent part, reads:
“No appeal, order, judgment, writ, mandate, or process conditioned on the furnishing of security may be dismissed, set aside, or dissolved on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126.” LSA-C.C.P. Art. 5125.
For the reasons assigned, the motion to dismiss is denied.
MOTION TO DISMISS DENIED FOR LACK OF JURISDICTION.

. La.App., 326 So.2d 359.

. LSA-C.C.P. Art. 2088(5), as amended by Act 4 of 1964, reads:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;”