CHIASSON, Judge.
Plaintiff-Movant, Carolyn Simoneaux Viccinelli, seeks to have the suspensive appeal of defendant, Ronald L. Causey, dismissed because of his failure to furnish a valid appeal bond. Movant contends that since the defendant signed the bond as his own surety, no valid appeal bond was timely filed.
On April 18, 1980, plaintiff had obtained a judgment in the trial court which was amended on June 4, 1980, to include the defendant. A motion for a new trial by defendant was denied on June 30, 1980. Defendant applied to the trial court for a suspensive appeal which was granted on July 14, 1980.
On July 28, 1980, defendant filed what purported to be an appeal bond. In November, 1980, plaintiff filed a motion in the trial court testing the sufficiency of the bond and pointing out the failure of the defendant to file affidavits with the appeal bond. She asked that the bond be declared insufficient or invalid due to the defendant being his own surety and his failure to file the applicable affidavits under La.C.C.P. art. 5122.
After a hearing on the matter on December 4, 1980, the trial court allowed defendant four days, exclusive of legal holidays, “to furnish and/or correct the defect existing in the bond as filed on July 28, 1980.” The following day, December 5, 1980, defendant filed a bond with a separate surety and accompanied by the required affidavits.
In her Motion to Dismiss, plaintiff contends that the jurisdiction of this court never attached because of the failure of defendant to furnish a valid bond. Plaintiff relies on the case of Guilliot v. City of Kenner, 326 So.2d 359 (La.1976). In that case the appellant filed a document purporting to be an appeal bond, but neither the principal nor the surety had signed the document. The Supreme Court stated in that case:
“* * * While the appellate court does not have jurisdiction to consider the form, substance and sufficiency of an appeal bond, it does have the authority to determine whether what purports to be a bond is in fact a bond, and whether it was timely filed, for only then does its jurisdiction attach. * * *
“Whether the Court of Appeal in the instant case properly dismissed the appeal, therefore, depends upon whether the bond relied upon by the plaintiff is such that it is subject to objections as to form, substance or sufficiency; or whether the defects of the alleged bond are so glaring and so numerous that it forms no bond at all. If no bond at all was furnished the appellate court properly dismissed the appeal.
“If what purports to be a bond complies substantially with the requirements of the law, objections as to its form, substance or sufficiency are properly resolved by the trial court, which retains jurisdiction for that purpose as of the *1311 date of its filing or subsequently. La. Code of Civ.P. art. 2088. The trial court is authorized to cure these objections. La.Code of Civ.P. arts. 5123, 5124, 5125. “On the other hand, if what purports to be a bond is nothing but blank unsigned paper it cannot be cured and it does not meet the requirements of a bond. The filing of such a document is not a ‘timely filing’ of security which gives jurisdiction to an appellate court. * * *”
Citations omitted. Guilliot, supra, pgs. 362-363.
The bond in the Guilliot case can be distinguished from the bond in this case and has been distinguished by two other cases which are similar to this one. Dolhonde v. Dolhonde, 345 So.2d 596 (La.App. 1st Cir. 1977); Tufaro v. Methodist Hospital, Inc., 365 So.2d 619 (La.App. 4th Cir. 1978).
In the Dolhonde case, supra, the plaintiff as security pledged his share of a savings account in a bank to the clerk of the trial court. We therein stated that “(T)he contention of the appellee in the instant case addresses itself to the validity and sufficiency of the appeal bond, not the failure to file bond.” Dolhonde, supra, 349 So.2d pg. 596. The Tufaro decision is on all fours with our facts. Appellants therein had signed the bond as their own sureties. Therein our learned colleagues of the Fourth Circuit explained:
“In this case the appeal bond is much more than ‘blank unsigned paper’; arguably, it is a valid bond. Therefore, we are without jurisdiction to consider movers’ objection to the bond. The trial court alone has that jurisdiction under the applicable Code of Civil Procedure Articles 2088(5), 5123, 5124, and 5126.” Tufaro, supra 365 So.2d pg. 620.
The trial court in our case ruled on the sufficiency of the bond and gave the defendant four days to furnish and/or correct the bond that was issued on July 28, 1980. Under La.Code of Civil Procedure Article 5124:
* * *
“The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.”
Under this article, the new bond furnished on December 5, 1980, is retroactive to July 28,1980. Thus, the bond was timely filed for perfection of a suspensive appeal by the defendant.
For these reasons, the Motion to Dismiss is denied.
MOTION TO DISMISS DENIED.