WATKINS, Judge.
This is a suit for workmen’s compensation benefits which is on suspensive appeal by defendant from a judgment in favor of plaintiffs. Plaintiffs have filed a motion to dismiss, which we herein deny.
The grounds set forth for the motion to dismiss are (1) that the appeal bond is improper, having been made in favor of the wrong clerk of court and stating the case is on appeal from the wrong judicial district and (2) that the order of appeal is to the wrong circuit.
As to the first contention, we see the appeal bond is in favor of Richard J. Ganu-cheau, Clerk of the Civil District Court, Parish of Orleans, when the case is in fact on appeal from the Twenty-Second Judicial District Court, Parish of Washington. Furthermore, the bond incorrectly states the case was originally decided in the Twenty-Ninth Judicial District Court, rather than the Twenty-Second Judicial District Court.
Under. LSA-C.C.P. art. 2088(5) the trial court retains jurisdiction to test the form, substance, and sufficiency of the appeal bond. Plaintiffs made no effort to test the form and substance of the bond in the trial court. Rather, they attacked the form and sufficiency of the bond in this court through a motion to dismiss.
It is well established that the court considering a case on appeal is without jurisdiction to consider the form, substance, or sufficiency of an appeal bond. Dolhonde v. Dolhonde, 345 So.2d 596 (La.App. 1st Cir. 1977); Tufaro v. Methodist Hospital, Inc., 365 So.2d 619 (La.App. 4th Cir. 1978); Viccinelli v. Causey, 394 So.2d 1309 (La.App. 1st Cir. 1981).
We are, thus, without jurisdiction to consider the errors in the appeal bond or to order the bond corrected. We are cognizant of this state’s Supreme Court’s decision in Guilliot v. City of Kenner, 326 So.2d 359 (La. 1976). However, unlike Guilliot, where the court found that there was no bond at all, in the present case the defect is one that falls into the categories of defects of form or substances, or both. Thus, the defect is one that this court is without jurisdiction to test or correct.
Furthermore, the effect of a trial court’s finding the bond insufficient or invalid is that the party furnishing the bond is given four days to correct the bond, or an unlimited time, if no rule is filed testing the bond. LSA-C.C.P. art. 5124. And an appeal may be dismissed on the ground a bond is insufficient or invalid only if the party furnishing the bond is afforded an opportunity to furnish a new or supplemental bond. LSA-C.C.P. art. 5125. Thus, not only does this court lack jurisdiction to entertain a proceeding testing the bond, but in all probability, had the bond been properly tested in the trial court, a corrected bond would have been substituted, as we are informed in appellant’s brief that an effort is being made to correct the bond.
*1354 As to the second alleged ground for dismissal, we see the order of appeal stated the appeal was to the Fourth Circuit Court of Appeal, when it was to this circuit. That error we view as purely a ministerial or typographical error, and of no moment, as this court has jurisdiction of civil appeals from Washington Parish. As this court has jurisdiction, only this Circuit, not the Fourth Circuit, can consider the appeal. As this court can consider the appeal, the appeal will not be dismissed because of a minor error in the preparation of the pleadings, which is obviously only a technical defect.
Accordingly, the motion to dismiss is denied.
MOTION TO DISMISS DENIED.