SAVOIE, Judge.
Plaintiff-Movant, Nugier Theriot, seeks to have the suspensive appeal of defendants dismissed because of their failure to furnish a security appeal bond. Movant contends that a certificate of deposit filed by defendant does not meet the requirements of a bond as set forth under La.C. C.P. art. 2124.[1] Defendants argue that the trial court should be the proper forum to address the issue.
In support of the Motion to Dismiss, movant relies on the case of Guilliot v. City of Kenner, 326 So.2d 359 (La.1976). In that case, the Supreme Court stated:
“While the appellate court does not have jurisdiction to consider the form, substance and sufficiency of an appeal bond, it does have the authority to determine whether what purports to be a bond is in fact a bond, and whether it was timely filed, for only then does its jurisdiction attach.
Whether the Court of Appeal in the instant case properly the appellate court properly dismissed the appeal, therefore, depends upon whether the bond relied upon by the plaintiff is such that it is subject to objections as to form, substance or sufficiency; or whether the defects of the alleged bond are so glaring and so numerous that it forms no bond at all. If no bond at all was furnished the appellate court properly dismissed the appeal.
If what purports to be a bond complies substantially with the requirements of the law, objections as to its form, substance or sufficiency are properly resolved by the trial court, which retains jurisdiction for that purpose as of the date of its filing or subsequently. La. Code of Civ.P. art. 2088. The trial court is authorized to cure these objections. La.Code of Civ.P. arts. 5123, 5124, 5125.
On the other hand, if what purports to be a bond is nothing but blank unsigned paper it cannot be cured and it does not meet the requirements, of a bond. The filing of such a document is not a ‘timely filing’ of security which gives jurisdiction to an appellate court.”
*499 Citations omitted. Guilliot, 326 So.2d at 362-363.
This is not an instance where there was a total failure to file an appeal bond as in Guilliot, where the purported bond was a blank, unsigned piece of paper. The certificate of deposit in this case was timely filed. The issue in this case does not deal with the failure to file a bond. Rather, the argument of the movant goes to the validity and sufficiency of the appeal bond.
La.C.C.P. art. 2088 provides, in part: The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126; (Emphasis added).
It is well established that an appeal will not be dismissed because the appeal bond is invalid or insufficient unless the validity or sufficiency of the appeal bond has been first contested in the trial court, and the appellant has been afforded an opportunity to cure the defect or supply the insufficiency. Dolhonde v. Dolhonde, 345 So.2d 596 (La.App. 1st Cir.1977).
Since in the present case there has not been a rule brought pursuant to La.C. C.P. art. 2088(5) to consider objections to the form, substance, and sufficiency of the appeal, there is no action of the trial court in this respect for us to review.
Following the standard as set forth in Dolhonde, we are without jurisdiction in this instance to test initially the validity or sufficiency of the appeal bond. Therefore, the Motion to Dismiss is denied; costs to be assessed against Movant.
MOTION TO DISMISS DENIED.

. Art. 2124 provides, in part:
A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment.”