REDMANN, Chief Judge.
We grant certiorari to review, and we affirm, a refusal to dismiss a suspensive appeal as to one appellant who joined with another in one petition for one order of suspensive appeal but who is not named as a principal in the one appeal bond. The question is whether this omitted appellant is, within La.C.C.P. 5125, “the party who furnished” the bond, and therefore entitled to an opportunity to provide a new bond before his appeal can be dismissed for any bond defect. The answer is yes.
The applicable law is C.C.P. 2123, 5125, and 5051.
Art. 2123 provides that a suspensive appeal may be taken “and the security therefor furnished only within” a specified 30-day period. If the appellant has not furnished security his appeal must be dismissed.
Art. 5125, on the other hand, provides that no appeal may be dismissed “on the *797 ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond....” If appellant furnished the bond omitting his name, he is entitled to an opportunity to furnish another bond.
Art. 5051 provides that the Code of Civil Procedure is “to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.”
Plaintiff argues that Borne v. Bourg, 327 So.2d 607 (La.App. 4 Cir.1976), obliges us to dismiss the omitted appellant’s sus-pensive appeal. In Borne, the appellants cast in solido were the owner, bartender and insurer of a bar, together with a patron of the bar. The patron, represented by a separate lawyer, had obtained a separate order of appeal but posted no bond (at a time when the law required bond even for a devolutive appeal). The patron was not named in the petition and order of appeal nor in the suspensive appeal bond of the bar’s owner, bartender and insurer. Thus the only identity of the patron with the appellants named in the bond was that they were all cast in solido. We dismissed the patron’s appeal for failure to furnish the required security.
The present case is factually distinguishable from Borne in that, here, there is an evident identity of the appellants beyond their merely being cast in solido. These appellants have an apparent identity, an apparent oneness, in their one petition by their one lawyer for appeal and in the one order of appeal covering both. The appearance is that the one appeal bond was similarly intended for both, and that the omission of one of their names on the bond was a clerical error. No appearance of similar identity between the bar’s patron and the owner-bartender-insurer interests existed in Borne; no appearance existed that the omission of the patron’s name from the bar’s bond was a clerical error.
Our conclusion is that both appellants in this case are, within C.C.P. 5125, “the party who furnished” the appeal bond.
Plaintiff is rightly concerned that he could not execute against the surety on the present bond if the judgment appealed were affirmed only as to the appellant not named as a principal in the bond. Surety-ship “can not be presumed,” C.C. 3039, and, because a promise to pay the debt of a third person, is not provable by parol, C.C. 1847. Plaintiff’s remedy, however, is to require that the omitted appellant furnish a proper bond, by proceeding under C.C.P. 5123 et seq. If a new or supplemental bond is not provided with the omitted appellant as a principal within the four days provided by art. 5124, plaintiff may then obtain dismissal of the omitted appellant’s appeal as suspensive, and then execute against the omitted appellant. Plaintiff’s remedy is not to obtain dismissal of a sus-pensive appeal for what appears to be a clerical error without first affording appellant the opportunity to correct that error.
Affirmed.