COVINGTON, Chief Judge.
Jason and Rebecca Cheramie filed a petition for damages against Willie J. Guidry and Millers Mutual Fire Insurance Company. After a trial, judgment was rendered in favor of plaintiffs and against defendants. Thereafter, defendants filed a timely motion and order for suspensive appeal.
Plaintiffs filed a “Rule to Test Sufficiency, Validity and Authenticity of the Suspen-sive Appeal Bond.” A hearing was held and the trial court rendered judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the defendants, ... shall file in the suit record in proper form a Power of Attorney authorizing their legal counsel of record, Mr. Christopher H. Riviere, to sign a suspensive appeal bond on their behalf in the amount of Three Hundred Fifty Thousand and No/100 ($350,000.00) Dollars.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants file said Power of Attorney within four (4) days, exclusive of legal holidays, of the rendition of this judgment, as provided by Article 5124, Louisiana Code of Civil Procedure.
Plaintiffs then filed, in this court, a motion to dismiss defendants’ appeal. Plaintiffs argue defendants have not timely complied with the trial court’s order and therefore we should dismiss defendants’ appeal.
It is well established that the court considering a case on appeal is without jurisdiction to consider the form, substance, or sufficiency of an appeal bond. Irvine v. Sentry Insurance Co., 404 So.2d 1352 (La.App. 1st Cir.1981). However, an appellate court does have the authority to determine if what purports to be a bond is in fact a bond, and whether it was timely filed, for only then does its jurisdiction attach. Guilliot v. City of Kenner, 326 So.2d 359 (La.1976).
Plaintiffs’ motion to dismiss is based on defendants’ alleged failure to comply with a trial court order concerning the form of the appeal bond. In light of the above jurisprudence, plaintiffs’ motion to dismiss is properly directed to the trial court. Accordingly, plaintiffs’ motion to dismiss is denied.
MOTION DENIED.