PER CURIAM.
Defendants-appellees have filed this motion to dismiss contending plaintiff-appellant’s appeal is not timely and the appeal bond is defective.
Victor Sayyah filed suit against Edward Doumani, et als, to enforce a promissory note. In addition, plaintiff sought and was granted a writ of sequestration. On May 19, 1987, pursuant to defendants’ motion, the trial court dissolved the writ of sequestration and awarded defendants damages in the amount of $400,668.80. Plaintiff then filed a motion and order for suspen-sive appeal on June 25,1987, seeking reversal of the May 19 judgment. Plaintiff also submitted what he contends is a bond in the amount of $608,373.26. The bond is secured by the pledge of a $500,000.00 promissory note and an irrevocable letter of credit made out to the Pointe Coupee Parish clerk of court in the amount of $120,000.00. Defendant-appellees have filed this motion to dismiss plaintiff-appellant’s appeal.
First, defendant-appellees contend the appeal was not timely. A suspensive appeal may be taken within thirty days of the expiration of the delay for applying for a new trial. LSA-C.C.P. art. 2123. In the *716 instant case the judgment was signed on May 19, 1987. Accordingly, plaintiff had until June 29, 1987 to file his suspensive appeal.[1] Thus, the appeal filed on June 25, 1987 was timely.
Next, defendant-appellees argue the appeal bond is defective. Following the granting of the order of appeal and the timely bond the trial court retains jurisdiction to test the solvency of the surety on the appeal bond and to consider objections to the form, substance, and sufficiency of the appeal bond. LSA-C.C.P. art. 2088(5). The party desiring to test the validity or sufficiency of an appeal bond shall rule into court the party furnishing bond to show cause why the bond should not be declared invalid or insufficient. LSA-C.C.P. art. 5128. See Irvine v. Sentry Ins. Co., 404 So.2d 1352 (La.App. 1st Cir.1981). However, where the defects of the alleged bond are so glaring and so numerous that it forms no bond at all the court of appeal may properly dismiss the appeal. Guilliot v. City of Kenner, 326 So.2d 359 (La.1976).
We have reviewed the papers purporting to be a bond and we find the alleged defects are not so glaring or numerous that it forms no bond at all. We have previously noted that the trial court retains jurisdiction to test the solvency of the surety and to consider objections to the form, substance and sufficiency of the appeal bond by appropriate hearing and receipt of evidence. Accordingly, we have no jurisdiction to consider the objections to the bond.
For the above reasons the motion to dismiss is denied.
MOTION TO DISMISS IS DENIED.

. The judgment was rendered on May 19, 1987. The seven day delay for applying for a new trial ended on May 29 (Monday, May 25 was Memorial Day, a legal holiday). The thirty day delay for taking a suspensive appeal ended on Sunday, June 28, therefore plaintiff had until Monday, June 29 to file his appeal.