ON MOTION TO DISMISS

SCHOTT, Chief Judge.
This is before the court on appellee’s motion to dismiss the suspensive appeal taken by appellants. On February 11, 1993, pursuant to a jury verdict, the trial court rendered judgment in favor of appellee, Tyrone Alonzo, and against appellants, Silverman & Marks Plumbing Company (Silverman), Etienne LaCoste, and General Accident Insurance Company of America (GAIC) for $400,-000. The ease arose out of an accident involving a truck owned by Silverman, driven by its employee, LaCoste, and insured by GAIC. Appellants filed a timely motion for new trial which the trial court denied on April 2. On April 28 a motion for a suspen-sive appeal was filed by appellants, but La-Coste’s name was not included in the motion. Pursuant thereto the court on April 29 signed an order granting a suspensive appeal to Silverman and GAIC. The motion and order referred to the April 2 judgment only. Also on April 29 appellants Silverman and GAIC filed a suspensive appeal bond for $500,000 which named them as principals and GAIC as surety. LaCoste is not included in these documents. On April 30 Silverman and GAIC together with LaCoste filed an amended motion for suspensive appeal to refer the appeal to the judgment of February 11. Pursuant thereto the trial court on May 6 signed an amended order of appeal.
On June 7 appellee filed in the trial court a motion to deny LaCoste’s suspensive appeal, to test the solvency of the surety, and to test the form, substance and sufficiency of the appeal bond. On July 6 the trial court denied this motion. On July 13 appellants lodged their appeal in this court and on July 16 appellee filed in this court his motion to *711 dismiss the suspensive appeals on jurisdictional grounds.
The delay for taking the suspensive appeal and furnishing security in this case was thirty days from the court’s denial of appellants’ motion for new trial. C.C.P. art. 2123(A)(2). Since this occurred on April 2, the original order of appeal signed on April 29 and the bond furnished on the same day were timely. However, appellee asserts that LaCoste’s appeal was untimely because the amended order for the appeal was not signed until May 6. Appellee also contends that the bond filed by the parties was ineffective because GAIC was surety for itself as principal; that the bond was “no bond at all” and could not furnish a basis for appellate jurisdiction.
With respect to the LaCoste’s appeal while he was not a party to the original motion for appeal he was a party to the amended motion which was filed on April 30 within the thirty day period allowed by C.C.P. art. 2123. The problem is that the trial court did not sign the amending order until May 6. However, the delay in the signing of the order is not a fault or defect imputable to appellants and does not warrant dismissal of the appeal. C.C.P. art. 2161; Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981).
Nonetheless, appellee contends that the bond is ineffective as to LaCoste because it does not even purport to be in his favor, but names only the other appellants as principals. This court rejected an identical argument in Vanzant v. New Orleans Public Service, 501 So.2d 796 (La.App. 4 Cir.1986), writ den. 502 So.2d 576 (La.1987) holding that the clear intent of the parties was to take the appeal for all and the omission of one of their names on the bond was a clerical error. As in Hargett v. Chemical Service, Inc., 116 So.2d 855, 859 (La.App. 1 Cir.1959), it is clear that the failure of the bond to include the truck driver-employee as well as the employer and the insurer was a clerical error which was not the equivalent of furnishing no bond at all for the driver, LaCoste.
Finally, appellee attacks the bond itself because GAIC appears as a principal as well as the surety and contends that such a bond is equivalent to no bond at all as in Guilliot v. City of Kenner, 326 So.2d 359 (La.1976). In that case the bond was nothing but a blank unsigned paper. In the instant ease the bond is fully executed but the alleged deficiency is the identity of the surety. Consequently, the problem is not jurisdictional but addresses itself to the form, substance and sufficiency of the bond as to which jurisdiction vests in the trial court and not the court of appeal. Tufaro v. Methodist Hospital, Inc., 365 So.2d 619 (La.App. 4 Cir.1978). C.C.P. art. 2088(5). Consequently, appellee’s motion to dismiss the appeal because of GAIC’s appearance as surety on the bond is not within the jurisdiction of this court. See also Viccinelli v. Causey, 394 So.2d 1309 (La.App. 1 Cir.1981) and Dolhonde v. Dolhonde, 345 So.2d 596 (La.App. 1 Cir.1977).
Accordingly, appellee’s motion to dismiss the appeal is denied.
MOTION DENIED.