NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1550


ROSE DOVE EGLE
VERSUS
JOHN M. EGLE


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 980015
HONORABLE KRISTIAN DENNIS EARLES


**********
**J. DAVID PAINTER**
**JUDGE**


**********


Court composed of John D. Saunders, Jimmie C. Peters, and J. David Painter, Judges.


**MOTION TO DISMISS DENIED.**

**Michelle F. Plauche′**
**H. Alston Johnson, III**
**Thomas H. Kiggans**
**Shelton Dennis Blunt**
**Christine S. Goldberg**
**Phelps Dunbar, LLP**
**Post Office Box 4412**
**Baton Rouge, LA 70821-4412**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Smith Tri-Tech Fishing Services Group of Smith Drilling &**
    **Completions, business unit of Smith International, Inc.**

Jan K. Frankowski
Walter C. Thompson, Jr.
Nicholas D. Doucet
Barkely & Thompson, L.C.
Mark P. Seyler
1515 Poydras Street, Suite 2350
New Orleans,  LA 70112
(504) 595-3350

Bob F. Wright
James Parkerson Roy
Domengeaux, Wright, Roy & Edwards
Post Office Box 3668
Lafayette, LA 70502
(337) 233-3033

Julius P. Hebert
Hebert & Marceaux
Bank One Tower
8026 Main Street, Suite 102
Houma, LA 70360
(504) 876-4324
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Rose Dove Egle, individually and as duly appointed tutrix of her minor children, John M. Egle, Jr., and Lauren E. Egle; Michelle A. Egle; and Daniel A. Rees, trustee of the Egle Trusts

Phillip C. Kobetz
Porter, Denton & Kobetz
100 Asma Boulevard, Building 1, Suite 385
Lafayette, LA 70508
(337) 234-1140
COUNSEL FOR DEFENDANT/ APPELLEE:
    John M. Egle

Leslie J. Schiff
Schiff Law Corporation
Post Office Drawer 900
Opelousas, LA 70571
(337) 942-9771
COUNSEL FOR DEFENDANTS/ APPELLEES:
    Metal Technology Incorporated and Clint L. Pierson, Jr.

John H. Weinstein
Thomas E. St. Germain
Post Office Box 8
Opelousas, LA 70571
(337) 948-4700
COUNSEL FOR DEFENDANT/ APPELLEE:
    Energy Environmental, L.L.C.

PAINTER, Judge.

Plaintiffs-appellees, Rose Dove Egle, individually and as tutrix of her minor children; Michelle A. Egle; and Daniel A. Rees, as trustee of the Egle Trusts (Egle), have filed a motion to dismiss the instant suspensive appeal and to maintain the appeal as devolutive. For the reasons given below, we deny the motion.

The instant appeal in this protracted litigation pertains to an attempt by Egle to recover a greater portion of the proceeds from the sale of Tri-Tech Fishing Services, L.L.C., of which they were part owners, to defendant-appellant, Smith International, Inc. (Smith). The trial court entered judgment on June 1, 2004 regarding the aforementioned issue. Smith sought a suspensive appeal the day the judgment was rendered. On August 2, 2004, Smith posted a bond of $4,800,000 to satisfy the $3,468,919.29 judgment, plus judicial interest. However, after consideration this court dismissed the appeal and remanded the case to the trial court for hearing on Smith's timely filed motion for judgment notwithstanding the verdict (JNOV). *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780.

After remand, the trial court denied Smith's JNOV on March 14, 2006. Notice of judgment was mailed on March 29, 2006. On April 20, 2006, Smith timely filed a motion and order for a suspensive appeal. The motion and order include an exhibit containing the bond posted on August 2, 2004. Smith stated in the motion for appeal that the earlier posted suspensive appeal bond was still in effect.

This appeal was lodged on December 5, 2006. Egle timely filed their motion to dismiss on December 8, 2006. La.Code Civ.P. art. 2161. Egle seeks

1

the dismissal of the suspensive appeal contending that the August 2, 2004 appeal bond is no longer effective by its own terms. In the alternative, Egle avers that if the bond is effective, then the amount was insufficient to secure the judgment and interest. Egle argues that an appeal bond cannot be supplemented outside the thirty day period established by La.Code Civ.P. art. 2123 and that the appellate court should convert this matter to a devolutive appeal on the aforementioned grounds.

Egle filed a similar motion with the trial court. The trial court heard and denied the motion to dismiss on August 10, 2006. In addition, the trial court granted Smith leave to supplement its bond with a $500,000 rider agreement.

Egle contends that the August 2, 2004 bond is expired by its own terms. The pertinent section of the bond reads:

> NOW THEREFORE, the condition of this obligation is such that the said Smith International, Inc. shall prosecute its appeal and shall satisfy the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed or shall satisfy in full any modification of the judgment and such costs, interest, and damages as the said Court of Appeal may adjust and award; but if the Principal does not satisfy the judgment aforesaid in its place, then the Surety shall be liable for the amount of the judgment aforesaid in its place...

The trial court retained jurisdiction to consider Egle's motion to dismiss and Smith's motion to supplement appeal bond after Smith filed its motion and order for suspensive appeal. La.Code Civ.P. art. 2088; *Ellis v. Dozier*, 337 So.2d 659 (La.App. 3 Cir. 1976). The lower court allowed Smith to supplement the appeal bond.

The appeal of the subject judgment was found to be premature by this court in *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780. This court found that the timely filed JNOV must be considered by the trial court before

2

the appeal could be perfected. In its present posture the appeal has been perfected, and it is at this point the suspensive appeal bond would lapse if the appeal were it dismissed or the judgment, plus interest is satisfied.

Under La.Code Civ.P. art. 5124:

Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.

The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.

The sufficiency of the suspensive appeal bond was tested with the lower court in Egle's motion to dismiss and Smith's motion to supplement filed and adjudicated below. La.Code Civ.P. art. 5123; *Dolhonde v. Dolhonde*, 345 So.2d 596 (La.App. 3 Cir. 1977); *Lee v. Carroll*, 143 So.2d 417 (La.App. 3 Cir. 1962). The trial court denied the motion to dismiss, but allowed Smith to supplement its bond. La.Code Civ.P. arts. 2088, 5123, and 5124. Pursuant to La.Code Civ.P. art. 5124, the supplemental bond is retroactive to the original filing date of the bond, August 2, 2004. *Viccinelli v. Causey,* 394 So.2d 1309 (La.App. 1 Cir. 1981).

We find that the trial court properly allowed the suspensive appeal bond to be supplemented. La.Code Civ.P. art. 5124. Additionally, we find the appeal bond did not lapse when this court found this appeal premature, due to a timely filed JNOV. The appeal was perfected only after disposing of the JNOV.

**MOTION TO DISMISS DENIED.**

3